# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THE TRUMP ORGANIZATION
LLC, DTTM OPERATIONS
LLC, and CIC OPERATIONS LLC,

    *Plaintiffs*,

    v.

THE INDIVIDUALS,
CORPORATIONS,
LIMITED LIABILITY
COMPANIES,
PARTNERSHIPS, and
UNINCORPORATED
ASSOCIATIONS
IDENTIFIED ON
SCHEDULE A,

    *Defendants*.

**Case No. 8:25-cv-3053-TPB-NHA**

_____/

## PLAINTIFFS' MOTION TO CORRECT CLERICAL OMISSIONS IN THE ORDER ADOPTING REPORT AND RECOMMENDATION AND IN THE JUDGMENT PURSUANT TO RULE 60(a)

Plaintiffs, The Trump Organization LLC ("Trump Organization"), DTTM Operations LLC ("DTTM"), and CIC Operations LLC ("CIC") (together, "Plaintiffs"), by and through undersigned counsel, and pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, respectfully move this Court to correct clerical omissions on the July 16, 2026, Order Adopting Report and

Recommendation ("Order") (Doc. 117), and July 17, 2026, Judgment in a Civil Case ("Judgment") (Doc. 118). Both the Order and Judgment fail to specify necessary mandatory enforcement language directed at third-party platforms holding frozen assets, which represents an oversight in fully finalizing the Court's intended relief. In support, Plaintiffs respectfully refer the Court to the following Memorandum of Law.

**MEMORANDUM OF LAW**

## I.    BACKGROUND

On November 6, 2025, Plaintiffs initiated this lawsuit against Defendants (Doc. 1), alleging claims of trademark infringement and counterfeiting, false designation of origin, and common law unfair competition.

On November 13, 2025, Plaintiffs filed an *ex parte* Motion for Temporary Restraining Order (Doc. 15), requesting, among other relief, a restraint of the Defendants' financial accounts pending the Court's final disposition of this action.

On November 14, 2025, this Court entered an Order Granting Plaintiffs' "*Ex Parte* Motion for Temporary Restraining" ("TRO") (Doc. 18). On January 27, 2026, this Court entered an Order Granting Plaintiffs' Motion for Preliminary Injunction ("PI") (Doc. 100). Under the TRO, and later the PI, any third party with notice of the requisite order providing services for any of

2

the Defendants, including, but not limited to, AliExpress, Amazon, DHgate, eBay, PayPal, Payoneer, and Walmart, and their related companies and affiliates (together, the "Third Party Providers") was to restrain all funds in Defendants' accounts. Plaintiffs' counsel received confirmation from the applicable Third Party Providers that they complied with the TRO, and later the PI.

On February 3, 2026, Plaintiffs filed their Motion for Final Default Judgment and Permanent Injunctive Relief ("Motion for Default") (Doc. 106) requesting statutory damages against each Defaulting Defendant. Plaintiffs also asked that "to effectuate the award (if entered)—all funds currently restrained or held on account for all the Defaulting Defendants by the Third party Providers should be immediately—within five business days—transferred to Plaintiffs and/or Plaintiffs' counsel in partial satisfaction of the monetary judgment against each Defaulting Defendant." Motion for Default at p. 23.

On July 1, 2026, a Report and Recommendation (Doc. 114) was submitted, recommending that the Motion for Default be granted in part. On July 16, 2026, the Court entered an Order Adopting Report and Recommendation, awarding Plaintiffs CIC and DTTM "statutory damages pursuant to 15 U.S.C. § 1117, as specified in the report and recommendation and the attached exhibit." Order at ¶ 7. Neither the Report and

3

Recommendation, nor the Order, included language specifically directing the Third Party Providers to transfer the funds currently restrained or held on account for the Defaulting Defendants. The Judgment, likewise, did not contain any such language, but instead stated only that Plaintiffs "are awarded statutory damages pursuant to 15 U.S.C. § 1117, as specified in the report and recommendation." Judgment at p. 2.

On July 16, 2026, counsel for Plaintiffs provided, or caused to be provided, copies of the Report and Recommendation and Order to counsel and/or representatives for the Third Party Providers (*i.e.*, Alibaba, AliExpress, DHgate, eBay, Etsy, Walmart, Wish, Payoneer, PayPal, and PingPong), requesting that the currently restrained funds held in the Defaulting Defendants' accounts be transferred to Plaintiffs' counsel in satisfaction of the monetary judgment.

On July 28, 2026, representatives for Third Party Provider eBay responded that because the Order "does not order eBay to payout restrained funds" eBay, therefore, "cannot redirect third parties' funds in the absence of clear and explicit directions from the court." eBay advised that if Plaintiffs were to "obtain a modified order from the court ordering eBay to payout restrained funds up to the damages amount, [eBay] will comply with it, but as you're aware payment intermediation is a highly regulated area and [eBay]

4

cannot redirect third parties' funds in the absence of clear and explicit directions from the court. *See* Exhibit 1 attached hereto.

## II.   RELIEF REQUESTED

By this Motion, Plaintiffs seek the entry of an Amended Order and Amended Judgment that include the following language:

> All funds currently restrained or held on account for all the Defendants by all financial institutions, payment processors, banks, escrow services, money transmitters, or Marketplace Platforms, including but not limited to Alibaba, AliExpress, DHgate, eBay, Etsy, Walmart, Wish, Payoneer, PayPal, and PingPong, and their related companies and affiliates (together, the "Third-Party Providers"), are to be immediately (within five business days) transferred by the previously referred to Third-Party Providers, and/or by the Defendants and/or Defendants' counsel, to Plaintiffs and/or Plaintiffs' counsel in partial satisfaction of the monetary judgment entered against each Defendant. The Third-Party Providers shall provide to Plaintiffs, at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter per Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from each Defendant's funds restrained prior to release; and (iii) total funds released per Defendant to Plaintiffs.

This Court recently entered a Final Default Judgment, after entering an Order Adopting Report and Recommendation in a similar case, that included just such language. *See The Trump Organization LLC and DTTM Operations LLC v. Individuals, Corps., Ltd. Liab. Co., P'ships, & Unincorporated Ass'ns Identified on Schedule A,* No. 8:25-cv-1962-TPB-AAS, Dkt. No. 82 at ¶ 4 (M.D. Fla. Mar. 30, 2026).

## III.   BASIS FOR RELIEF

Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever found." Relief under Rule 60(a) is appropriate where the judgment or order as written fails to accurately reflect the court's actual intention or fails to provide the precise mechanics necessary for execution. *See also Arroyo v. Comm'r of Soc. Sec.,* No. 6:16-cv-1862-Orl-22TBS, Dkts. No. 29-30 (M.D. Fla. Jun. 4, 2018) (amending an Order adopting a report and recommendation pursuant to Rule 60(a)).

Here, the omission of specific third-party platform enforcement terms hinders the execution of the Court's original intent. Correcting the judgment to include clear, mandatory instructions ensures that the Third Party Providers can process the asset transfers without administrative delays or liability concerns.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and enter the proposed attached Amended Order and proposed attached Amended Judgment each including the necessary directives to Third Party Providers.

## Local Rule 3.01(g) Certification

As of the filing of this Motion, no Defendant[1] has appeared in this action. Because no opposing party has formally appeared, no conference was possible. Still, Plaintiffs' counsel certifies that as of this 31st day of July, 2026, Plaintiffs are serving this Motion on Defendants—under the methods of service authorized in the Court's Temporary Restraining Order authorizing alternate service of process (Doc. 18)—in a good-faith effort to provide continued notice of Plaintiffs' Motions in this action and to provide the opportunity for Defendants to respond, oppose, or otherwise discuss this matter.

Dated: July 31, 2026                    Respectfully submitted,

By:   */s/ David Costello*
_____

Katie Kavanaugh                          David Costello (FBN 1004952)
(*pro hac vice*)                         **BOIES SCHILLER FLEXNER LLP**
**BOIES SCHILLER FLEXNER LLP**           401 East Las Olas Blvd.,
2029 Century Park East,                  Suite 1200
Suite 1520                               Fort Lauderdale, FL 33301
Los Angeles, CA 90067                    Telephone: (954) 356-0011
Telephone: (213) 629-9040                dcostello@bsfllp.com
kkavanaugh@bsfllp.com

                                         *Attorneys for Plaintiffs*

---

[1] Any defendant that appeared has since been dismissed.

7

## CERTIFICATE OF SERVICE

I certify that on this 31st day of July, 2026, a true and correct copy of the

foregoing was filed with the Court's CM/ECF system.

By:  */s/ David Costello*

David Costello (FBN 1004952)
**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Blvd.,
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
dcostello@bsfllp.com

8